UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:15-cv-00146-JMS-WGH |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

**I.**

This is an action in which Robert Jackson, a state prisoner, seeks a writ of habeas corpus. Having considered the pleadings and the expanded record, and being duly advised, the court finds that Jackson's petition for writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1. The proceeding Jackson challenges is identified as No. WVS-14-12-0016. Jackson was charged in that proceeding with battery and found guilty of the related infraction of aiding in battery. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: On the afternoon of December 18, 2014, Jackson was observed exchanging physical punches with other offenders in the latrine in Dorm 18 at the Wabash Valley Correctional Facility.

2. A hearing on the charge was conducted on December 30, 2014. Jackson was present at the hearing and made a statement concerning the charge. His statement was that he was not present in the latrine at the time of the incident. The hearing officer considered Jackson's

statement, along with the other evidence, and found Jackson guilty of aiding in battery. This action was filed after Jackson's administrative appeal was completed.

    3.    Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Jackson.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

    4.    Under *Wolff* and *Hill,* Jackson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Jackson was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

    5.    Jackson's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

>     a.    Thus, his claim that he was denied a video of the incident is meritless because it is apparent that the hearing officer watched the video. The only manner in which the video was exculpatory is reflected in the hearing officer's finding that Jackson had engaged not in battery, but in aiding battery. Although Jackson was found guilty of related misconduct, all the information on which the finding was based is set forth in the conduct report and hence Jackson had adequate notice of the related violation. The hearing officer's modification therefore did not violate Jackson's right to due process. *See Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) (explaining that inmate was not denied due process by substitution of different charge during administrative appeal because investigative report given to inmate before disciplinary hearing placed him on notice that

he could be subject to additional charge); *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (concluding that prison disciplinary committee did not deny inmate due process by elevating charge from possession of "contraband" to "dangerous contraband" since both charges shared same factual basis). Jackson was not prejudiced by the failure of prison authorities to permit him to view the video.

b.   Jackson also claims, however, that the evidence was insufficient to support the hearing officer's finding. Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). In this case, the evidence favorable to the hearing officer's decision included the reporting officer's narrative account that Jackson participated in the fight and the hearing officer's own account of the video that Jackson was in the latrine during the fight and remained in the latrine. The evidence was constitutionally sufficient.

6.   "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Jackson to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: October 23, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ROBERT LAMAR JACKSON  982519
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only